UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMEEL IBRAHIM,** | Civil Action No. 21-7407 (SRC) |
| Petitioner, | |
| v. | OPINION |
| **STATE OF NEW JERSEY,** | |
| Respondent. | |

**CHESLER**, District Judge:

Presently before the Court is Petitioner Jameel Ibrahim's petition for a writ of habeas corpus challenging his state criminal pre-trial detention and related no-contact order. (ECF No. 1). As Petitioner has now filed an application to proceed *in forma pauperis* (ECF No. 3) and this Court will grant that application, this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." For the reasons set forth below, this Court will dismiss the petition without prejudice and deny Petitioner a certificate of appealability.

**I. BACKGROUND**

According to his habeas petition, Petitioner is a pretrial detainee awaiting criminal trial in the state courts in the Essex County Correctional Facility. (ECF No. 1 at 2-3). Petitioner contends that the state has improperly delayed deciding his motion to dismiss his indictment and has likewise improperly delayed the onset of his trial. (*Id.* at 2, 6-7). Petitioner also alleges that the charges against him are "unsubstantiated, and unproven." (*Id.* at 6). He therefore seeks in his

petition to challenge both his ongoing charges, his resulting detention, and the state criminal court's pre-trial order directing that he have no contact with his alleged victim. (*Id.*at 6-9).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review a petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

### B. Analysis

**1. This Court lacks jurisdiction over Petitioner's challenges to the state criminal court's pre-trial no contact order**

A petitioner may only use a habeas corpus petition to challenge unlawful or unconstitutional "custody." 28 U.S.C. § 2241(c). While the federal courts have interpreted the concept of "custody" for habeas purposes broadly to include circumstances beyond pure criminal

detention, a petitioner will only be considered in "custody" for habeas purposes where he is "subject both to 'significant restraints on liberty . . . which are not shared by the public generally,' along with 'some type of continuing governmental supervision.'" *See, e.g., Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003). Habeas jurisdiction, however, is not so broad as to include challenges to the termination of parental rights, the loss of custody over children, or the placement of children in foster care. *Lehman v. Lycomng Cnty. Children's Servs. Agency*, 458 U.S. 502, 509-12 (1982); *see also Roundtree v. New Jersey*, No. 17-581, 2017 WL 507597, at *3 (D.N.J. Feb. 7, 2017) ("habeas jurisdiction does not exist to challenge" state court child custody determinations). Thus, to the extent Petitioner is seeking to challenge the no-contact provisions of the state court's pre-trial orders, this Court has no jurisdiction to address that challenge in this habeas matter.

**2. Petitioner has failed to set forth a cognizable challenge to his pre-trial criminal detention as he has neither exhausted his claims nor shown extraordinary circumstances**

Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pre-trial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n. 5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Id.* (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Id.* (quoting *Moore*, 515 F.2d at 445). The Third Circuit in *Moore* therefore held that although federal district courts have jurisdiction to hear the habeas challenges filed by state pre-trial detainees, "that jurisdiction without exhaustion should

3

not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. Thus, where the petitioner presents no exceptional circumstances and seeks to litigate the merits of defenses to his criminal charges prematurely, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Id.*

In his habeas petition, Petitioner seeks to challenge his ongoing pre-trial detention and criminal charges either based on delay in his trial or the deciding of his motions – essentially a speedy trial argument – or based on his belief that the charges against him are meritless. In either case, he is simply attempting to pre-litigate his defenses in this court prematurely. As Petitioner has presented no "exceptional circumstances" and has clearly not exhausted his claim through all three levels of the state courts, this Court must therefore decline to exercise jurisdiction over his claims, and his habeas petition must therefore be dismissed. *Id.*

### III. CERTIFICATE OF APPEALABILITY

Although appeals from petitions brought pursuant to 28 U.S.C. § 2241 by federal prisoners do not require a certificate of appealability, *see, e.g., Day v. Nash*, 191 F. App'x 137, 139 (3d Cir. 2006), because Petitioner is a state pre-trial detainee, he is required to obtain a certificate of appealability to the extent that he wishes to challenge this Court's dismissal of his petition as his habeas petition challenges his detention which "arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A); *see also Magano v. New Jersey*, No. 08-758, 2008 WL 2345584, at *4 n. 3 (D.N.J. June 3, 2008). In a habeas proceeding, a certificate of appealability may only be issued "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could

disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's decision to dismiss Petitioner's petition for failure to exhaust or show exceptional circumstances, Petitioner's petition is inadequate to deserve encouragement to proceed further at this time, and this Court will deny Petitioner a certificate of appealability.

**IV. CONCLUSION**

For the reasons stated above, Petitioner's application to proceed *in forma pauperis* (ECF No. 3) is granted, Petitioner's petition for a writ of habeas corpus (ECF No. 1) is dismissed without prejudice and Petitioner is denied a certificate of appealability. An appropriate order follows.

  s/ Stanley R. Chesler
Hon. Stanley R. Chesler,
Dated: April 28, 2021  United States District Judge