**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JAMEEL IBRAHIM**,<br><br>    **Petitioner**,<br><br> v.<br><br>**STATE OF NEW JERSEY**,<br><br>    **Respondent.** | Civil Action No. 21-7407 (SRC)<br><br>**OPINION** |

**CHESLER, District Judge**

  **THIS MATTER** comes before the Court upon Jameel Ibrahim's ("Ibrahim") motion for injunctive relief filed in this closed, unrelated pretrial habeas corpus proceeding under 28 U.S.C. § 2241. (Mot. for Inj. Relief, ECF No. 11.) An application to proceed *in forma pauperis* ("IFP") accompanied Ibrahim's Motion. (*Id.*) The State did not file a response in opposition to Ibrahim's motion. For the reasons set forth below, the Court will **deny** Ibrahim's motion for injunctive relief and will **deny** the IFP application.

**I. BACKGROUND**

  On March 30, 2021, Jameel Ibrahim ("Petitioner") was an inmate at the Essex County Department of Corrections and initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his state criminal pre-trial detention and related no contact order. (Pet., ECF No. 1). Upon screening the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to § 2241 through Rule 1(b), the Court dismissed the habeas petition without prejudice and denied a certificate of appealability. (Apr. 28, 2021 Opinion, ECF No. 4.) The civil case was terminated on April 28, 2021. (*Id.*)

On October 8, 2024, Ibrahim filed the instant motion for injunctive relief on the docket in his closed and unrelated habeas case. (Mot. for Inj. Relief at 1–10.) Ibrahim seeks the following relief: (1) grant injunctive relief mandating the proper classification of the Hebrew people; (2) restore the sovereign rights of the Hebrew nation to self-governance; and (3) order any additional relief deemed just and appropriate by the Court. (*Id.* at 3.) In support of his motion, Ibrahim alleges, in pertinent part:

> The United States Corporation has adopted vernacular in their Government Publishing Office Style Manual that misclassified the Hebrew people as African Americans or Black. This misclassification not only misrepresents their identity but also violates the integrity of governmental representation. Case law such as *Plyer v. Doe*, 457 U.S. 202 (1982), establishes that individuals are entitled to accurate governmental representation without discrimination. Moreover, the case *Grutter v. Bollinger*, 539 U.S. 306 (2003), emphasizes the importance of recognizing individual identity in the context of equal protection under the law. The misclassification of the Hebrew people by the United Staes Corporation may constitute violations of federal laws, including the Civil Rights Act of 1964 (Title VI) and the Equal Protection Clause of the Fourteenth Amendment.

(*Id.* at 2.)

## II.     DISCUSSION

Pursuant to Fed. R. Civ. P. 65, to be entitled to a preliminary injunction, the moving party must establish:

> (1) that they are reasonably likely to prevail eventually in the litigation, and (2) that they are likely to suffer irreparable injury without relief. If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [respondents] more than denying relief would harm the [petitioner] and (4) whether granting relief would serve the public interest.

*Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 319–20 (3d Cir. 2020) (cleaned up). The Court may issue a preliminary injunction only on notice to the adverse party. Fed. R. Civ. P. 65(a)(1). Ibrahim has failed to provide notice to the adverse party, "the United States Corporation."

Even if the Court construed Ibrahim's filing as a motion for a temporary restraining order without notice to the adverse party under Rule 65(b)(1), Ibrahim has not made the requisite showing that he will suffer "immediate and irreparable injury, loss, or damage … before the adverse party can be heard in opposition." Here, Ibrahim broadly describes that misclassifying the Hebrew people "misrepresents their identity" and "violates the integrity of governmental representation" without making a specific showing of how any such classification will cause him to suffer an immediate and irreparable injury. Furthermore, Ibrahim has not presented a legally cognizable claim against a proper party. Therefore, he is not entitled to the injunctive relief he seeks.

### III. CONCLUSION

For the reasons discussed above, Ibrahim is not entitled to injunctive relief, and his motion will be **denied**. An appropriate Order follows.

Date: March 11, 2025

                                                      s/ Stanley R. Chesler
                                                      **HON. STANLEY R. CHESLER**
                                                      **UNITED STATES DISTRICT JUDGE**